UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROLYN LEE ALI,

        Plaintiff,

                                  Case No. 11-CV-13913

v.                             HON. GEORGE CARAM STEEH

UNIVERSITY OF MICHIGAN
HEALTH SYSTEM - RISK
MANAGEMENT,

        Defendant.
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION (#10), GRANTING DEFENDANT'S MOTION TO DISMISS (#4), AND DISMISSING CASE

     Plaintiff Carolyn Lee Ali filed this action, *pro se*, alleging that defendant unlawfully refused to provide her with continued medical care.  The case was referred to Magistrate Judge Randon for all pre-trial matters.  On January 24, 2012, defendant filed a motion to dismiss.  Plaintiff filed a response to the motion and a hearing was held.  On May 4, 2012, Magistrate Judge Randon issued a report and recommendation.  He found that plaintiff's complaint should be dismissed because it failed to state a claim and that the court lacks jurisdiction over the lawsuit.  Magistrate Judge Randon also found that plaintiff sued an improper party protected by Eleventh Amendment immunity and failed to properly serve the defendant. Plaintiff filed objections to this report on June 8, 2012.  For the reasons set forth below, the court accepts Magistrate Judge Randon's report and recommendation and grants defendant's motion to dismiss.

*Standard of Review*

"A judge of the court shall make a de novo determination of those portions of a report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.

*Analysis*

Plaintiff's objections to Magistrate Judge Randon's report primarily emphasize her lack of legal knowledge and argue that her procedural failures should not defeat her attempt to seek relief. It is true that a *pro se* pleading is to be liberally construed and should be "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, this lenient treatment has limits, as "the trial and appellate courts should not have to guess at the nature of the claim asserted." Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989) (citing Clark v. National Travelers Life Ins. Co., 518 F.2d 1167 (6th Cir. 1975)). Here, plaintiff has exceeded those limits. Her complaint consists of an eighteen-page, single spaced narrative that fails to suggest a cause of action. No matter how liberally construed, the complaint simply does not state a claim upon which relief can be granted. Because this alone is sufficient to warrant dismissal of her claim, plaintiff's objections are overruled.

In a 'supplemental letter' filed by the plaintiff in response to the defendant's motion to dismiss, she attempted to state a claim by framing her grievances as violations of the Americans With Disabilities Act ("ADA"). However, as Magistrate Judge Randon found, the complaint simply fails to support an inference of discrimination on the basis of a disability.

(R&R 10.)  Finding no cognizable ADA claim, Magistrate Judge Randon attempted to identify other potential claims for which relief could be granted. He found the potential, incomplete makings of a malpractice or defamation claim, but determined from the record that such claims would be barred from federal court due to a lack of diversity jurisdiction.

To counter this, plaintiff attached a 'Social Security Benefit Report' to her objections conclusively establishing her residence in West Virginia in March 2011, months before she filed her complaint.  (Objections 7.)  This information should have been submitted in plaintiff's original complaint or in her response to the defendant's motion to dismiss. Regardless, while this new information might establish diversity jurisdiction were a recognizable claim for relief stated, "[p]laintiff's complaint does not state a claim . . . even under a very permissive reading."  (R&R 9.)

While Magistrate Judge Randon found the incomplete makings of a malpractice or defamation claim, it cannot be said with any confidence that these were the claims plaintiff meant to assert or that the defendant had notice of them.  While *pro se* pleadings should be liberally construed, "the trial and appellate courts should not have to guess at the nature of the claim asserted."  Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989) (citing Clark v. National Travelers Life Ins. Co., 518 F.2d 1167 (6th Cir. 1975)).  Even a *pro se* pleading must provide the opposing party with notice of the relief sought, and it is not within the purview of the court to conjure up claims never presented.  If plaintiff wishes to pursue a claim of medical malpractice or defamation against any party, she must do so with a degree of specificity so as to put both that party and the court on notice.

If plaintiff does decide to invoke diversity jurisdiction and pursue claims for which relief can be granted, she also bears the burden of showing that the amount in controversy as a result of her claims actually exceeds $75,000.  See Durant v. Servicemaster Co., 109 Fed. Appx. 27, 29 (6th Cir. 2004).  Plaintiff did indicate on the cover sheet of her complaint that she sought $5,000,000, but neither specified what these damages were for or attempted to show how she arrived at the figure.  "A conclusory allegation . . . that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the [plaintiff's] burden."  Bradley v. Kelly Servs., Inc., 224 Fed. Appx. 893, 895 (11th Cir. 2007) (citing Leonard v. Enterprise Rent a Car, 279 F.3d 967, 972 (11th Cir. 2001)).  Because plaintiff's demand is just this sort of conclusory allegation, it fails to meet the requisite burden to invoke this court's jurisdiction.

In addition to failing to state a claim, plaintiff also failed to satisfy many technical requirements, such as suing the correct party and properly serving the defendant.  Plaintiff argues that such technicalities should not decide her ability as a *pro se* plaintiff to obtain relief.  However, even assuming she had sued the proper party (the Board of Regents of the University of Michigan), any monetary claims would be barred by Eleventh Amendment immunity.  See Mich. Const. Art. 8 § 5; see also Estate of Ritter by Ritter v. University of Michigan, 851 F.2d 846, 848 (6th Cir. 1988) ("the Board of Regents . . . is a state agency to which the [Eleventh amendment applies . . ."). Because the properly-named defendant is a state agency for purposes of the Eleventh Amendment, this objection is also overruled.

*Conclusion*

For the reasons set forth above, the court overrules plaintiff's objections and adopts Magistrate Judge Randon's report and recommendation.  Plaintiff's complaint is hereby DISMISSED without prejudice.

SO ORDERED.

Dated:  July 31, 2012

            s/George Caram Steeh
            GEORGE CARAM STEEH
            UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Carolyn Lee Ali, 39 Norinton Drive, Hedgesville, WV 25427, on July 31, 2012, by electronic and/or ordinary mail.

s/Barbara Radke
Deputy Clerk